# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN et al.,

     Plaintiffs,

v.                           No. 1:22-cv-00342-MV-LF

UNITED STATES OF AMERICA, et al.,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u><br><u>AND ORDER TO SHOW CAUSE</u>

*Pro se* Plaintiff Manetirony Clervrain filed a Complaint, much of which is single-spaced, which lists 12 Plaintiffs and 34 Defendants. *See* Plaintiffs' Complaint for Violation of Civil Rights, Doc. 1, filed May 4, 2022. None of the Plaintiffs, other than Clervrain, signed the Complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Furthermore, Clervrain is not an attorney authorized to practice in this Court and cannot bring claims on behalf of the other *pro se* Plaintiffs. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

United States Magistrate Judge Laura Fashing notified Clervrain that the Complaint, which consists almost entirely of incoherent argument, failed to state a claim upon which relief can be granted because it did not state with particularity what each Defendant did to each Plaintiff, when the Defendants committed the alleged unspecified actions, or how those actions harmed each Plaintiff. *See* Order to Show Cause, Doc. 5, filed May 5, 2022 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal

right the plaintiff believes the defendant violated."). Judge Fashing ordered Clervrain to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint. Judge Fashing notified Clervrain that failure to timely show cause and file an amended complaint may result in dismissal of this case. Clervrain did not show cause by the May 26, 2022, deadline.

The Court dismisses this case because the Complaint fails to state a claim, Clervrain did not timely show cause why the Court should not dismiss this case, and Clervrain did not timely file an amended complaint that states a claim over which the Court has jurisdiction.

**Plaintiff's Abusive Filing History**

This is the fourth action that Clervrain has commenced in this Court. *See Clervrain v. Duran*, 1:20-cv-01329-KWR-JFR ("*Clervrain I*") (dismissed without prejudice August 19, 2021, for failure to state a claim); *Clervrain v. Duran*, 1:21-cv-00480-JCH-KBM ("*Clervrain II*") (dismissed without prejudice August 26, 2021, for failure to cure the deficiencies); *Clervrain v. Lujan Grisham*, 1:22-cv-00260-WJ-SCY ("*Clervrain III*") (dismissed without prejudice for failure to state a claim).

In *Clervrain I*, United States District Judge Kea W. Riggs noted that Clervrain's "allegations are largely incoherent and delusional, and wholly fail to state a claim." Doc. 8, filed August 19, 2021, in *Clervrain I*. Judge Riggs "concluded that any further post-judgment filings by Plaintiff would not serve any legitimate purpose" and "prohibited Plaintiff from submitting any further filings in this case other than a notice of appeal or a filing necessary to perfect an appeal." Doc. 26, filed March 31, 2022, in *Clervrain I*. Clervrain then filed eleven post-judgment notices and motions that were not related to or necessary for any appeal, which the Court struck. *See id.*

In *Clervrain II*, Clervrain filed a 309-page complaint styled as a "motion." United States Magistrate Judge Karen B. Molzen ordered Clervrain to either pay the filing fee or file a motion to proceed *in forma pauperis*. *See* Doc. 2, filed July 26, 2021, in *Clervrain II*. Judge Molzen also ordered Clervrain to file an amended complaint that: (i) explains what each defendant did to Plaintiff, when the defendant did it, and what specific legal right the plaintiff believes the defendant violated; (ii) specifies how the claims are connected to New Mexico; and (iii) why Clervrain believes this Court has jurisdiction over the matter. *See id.* (quoting *Nasious*, 492 F.3d at 1163). Senior United States District Judge Judith C. Herrera dismissed *Clervrain II* for failure to cure deficiencies. The Clerk's Office subsequently

> received around 500 pages of undiscernible post-judgment filings. Processing these pages via CM/ECF would take considerable time and effort on the part of the case managers, and in any event the Court will not consider such a lengthy post-judgment motion. The Court therefore declines to file the submissions received September 8, 2021.

Doc. 5, filed September 8, 2021, in *Clervrain II*.

In *Clervrain III*, Clervrain filed a complaint, unsigned by 28 of the 29 listed plaintiffs, asserting claims against 80 defendants and consisting almost entirely of incoherent argument. *See* Doc. 1, filed April 4, 2022, in *Clervrain III*. Clervrain also submitted 14 additional documents for filing, totaling 516 pages. United States Magistrate Judge Steven C. Yarbrough notified Clervrain that the complaint failed to state a claim and ordered Clervrain to show cause why the case should not be dismissed. *See* Doc. 3, filed April 7, 2022. Chief United States District Judge William P. Johnson dismissed *Clervrain III* because Clervrain did not timely show cause. *See* Doc. 4, filed May 5, 2022, in *Clervrain III*.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See* id.

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Clervrain.

Clervrain will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*. The Clerk will be directed not to file any additional submissions by Clervrain in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

4

Clervrain also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Clervrain submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Clervrain first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Clervrain must take the following steps.

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions.

2. The affidavit indicated in no. 1 above must be notarized, be in proper legal form, and recite the claims that Clervrain seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that: to the best of Clervrain's knowledge, the claims are not frivolous or made in bad faith; the claims are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and Clervrain will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Clervrain's claims have previously been raised or Clervrain has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system.

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Clervrain's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit,

of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Clervrain's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Clervrain's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Within fourteen (14) days from entry of this Order, Clervrain shall show cause why this Court should not enter the proposed filing restrictions described above. Clervrain's written objections to the proposed filing restrictions shall be limited to 10 pages. If Clervrain does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Clervrain timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**

6